IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEANNA MARIE SPENCER, </br></br> Plaintiff </br></br> vs. </br></br> GREAT DANE, LLC, </br></br> Defendant | ) </br> ) </br> ) Cause No.: 2:21-cv-252 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Deanna Marie Spencer, is a resident of Clay County in the State of Indiana and former employee of the Defendant.

2. Defendant, Great Dane, LLC (hereinafter "Defendant" or "Great Dane"), is a foreign limited liability company and employer as defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12101, *et. sec.,* which conducts business in the State of Indiana.

3. Ms. Spencer filed a Charge of Discrimination (Charge 470-2020-03063) with the Equal Employment Opportunity Commission ("EEOC") on or about July 1, 2020 alleging, *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Americans with Disabilities Act, 42 U.S.C. §12101*, et. sec*.

4. The Equal Employment Opportunity Commission issued to Ms. Spencer a 90-day Right to Sue letter on April 7, 2021.

5. Ms. Spencer invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a lesbian female who suffers from a disability, namely Post Traumatic Stress Disorder and Anxiety Disorder ("PTSD") related to a sexual assault she suffered in her past.

8. Plaintiff was employed by the Defendant as an assembler beginning in October 2018 and at all times met or exceeded Defendant's legitimate performance expectations.

9. In October 2018, Plaintiff suffered a panic attack when a male coworker (Trey Crague) spoke to her in a demeaning and hostile manner.

10. These panic attacks continued as Mr. Crague would routinely speak to Plaintiff in a demeaning and/or threatening manner, claiming that his position as Lead gave him the right to talk to her as he wished.

11. In January 2019, Plaintiff scheduled an appointment to seek treatment for her anxiety and the appointment was scheduled for March 10, 2019. Plaintiff asked her supervisor, Carey Grimes, to move her away from Mr. Crague until after her appointment, but Grimes told her she needed to *grow a backbone*.

12. On or about February 27, 2019, Plaintiff lost consciousness while having a panic attack during a confrontation with Crague, which led to a six-week disability leave to seek treatment.

13. After Plaintiff requested the move, rumors were spread throughout the shop that Plaintiff was trying to get Crague terminated and employees would engage in games designed to *make Deanna cry*.

14. Plaintiff learned she was pregnant in July 2019, and in November Plaintiff went to HR and requested for a second time and requested that she be moved away from Crague because her mental health was spiraling downward as a result of the constant provocation.

15. Defendant's human resource representative responded by initiating an investigation, thereby giving employees the impression that Plaintiff had *snitched* on Crague in an attempt to get him terminated.

16. Following the investigation, on or about November 14, 2019, Plaintiff was written up for the incident and placed on a *last chance agreement*.

17. Plaintiff's doctor placed her on maternity leave from January 6, 2020 through May 21, 2020 due to the constant stress she was under at work.

18. After Plaintiff returned to work, another coworker (James Craig) stated that he saw Plaintiff's Facebook page and learned she was gay.

19. On or about June 17, 2020, Mr. Craig made several unwanted comments of a sexual nature to Ms. Spencer, including, but not limited to, *You aren't a lesbian if you use toys* and *If you are using a dildo then you still like penis*.

20. Plaintiff responded by telling Craig that she hopes and prays that his daughters are never spoken to in the manner that Craig speaks to women.

21. Craig reacted to Spencer's comment by cussing and throwing tools in her direction.

22. Defendant's supervisor witnessed the tail end of the ensuing confrontation, and Plaintiff explained to him what Craig had said.

23. On or about June 18, 2020, Defendant terminated Plaintiff's employment citing the incident with Craig.

## Count I
## Sex/Sexual Orientation Discrimination

24. Plaintiff incorporates by reference Paragraphs one (1) through twenty-three (23) above.

25. Defendants discriminated against Ms. Spencer on the basis of her sex when it subjected her to a hostile work environment wherein employees were allowed to make offensive comments about her sexual orientation.

26. Plaintiff complained about the offensive comments and Defendant terminated her rather than the person making the comments.

27. Plaintiff was treated less favorably than male employees and/or heterosexual employees who engaged in heated confrontations without being terminated.

28. These actions violated Ms. Spencer's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

29. As a result of the foregoing, Ms. Spencer sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

30. As a result of Defendants' actions, Ms. Spencer has incurred attorney fees and costs.

31. Defendant's actions were done with malice or willful reckless disregard to Ms. Spencer's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count II
## ADA Discrimination

32. Plaintiff incorporates by reference Paragraphs one (1) through thirty-one (31) above.

33. Defendant discriminated against Ms. Spencer on the basis of her disability when it subjected her to a hostile work environment by allowing male employees to speak to her in a demeaning and/or hostile manner and engage in activities designed to make her cry.

34. Defendant further discriminated against Ms. Spencer on the basis of her disability when it refused to accommodate her disability by moving her to another location away from her harasser.

35. Defendant further discriminated against Ms. Spencer when it terminated her employment because of her disability.

36. Plaintiff complained about the provocative comments and the effects they had on her mental health, but Defendant refused to address them.

37. Similarly situated non-disabled employees were treated more favorably than Ms. Spencer when they engaged in confrontations with fellow employees and were not disciplined and/or terminated.

38. These actions violated Ms. Spencer's rights and were in violation of Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*.

39. As a result of the foregoing, Ms. Spencer sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

40. As a result of Defendant's actions, Ms. Spencer has incurred attorney fees and costs.

41. Defendant's actions were done with malice or willful reckless disregard to Ms. Spencer's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS
1634 West Smith Valley Road – Suite B
Greenwood, IN  46142
(317) 885-0041;
(888) 308-6503 Fax